Benjamin L. Webster, Bar No. 132230
bwebster@littler.com
NICHOLAS W. McKINNEY, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, California 95814
Telephone: 916.830.7200
Fax No.: 916.561.0828

Attorneys for Defendant
JO-ANN STORES, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVINIA DELONG,<br><br>Plaintiff,<br><br>v.<br><br>JO-ANN STORES, LLC, an Ohio Corporation, (dba JO-ANN FABRICS & CRAFT STORES, and dba JO-ANN FABRICS AND CRAFTS); and DOES 1-20, inclusive,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441**<br><br>[DIVERSITY JURISDICTION] |

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1

CASE NO.

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant JO-ANN STORES, LLC. ("Jo-Ann" or "Defendant"), an Ohio limited liability company, hereby removes the above-captioned action from the Shasta County Superior Court in the State of California to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446. In support of the Notice of Removal of Civil Action, Defendant alleges the following:

## I.
## PROCESS, PLEADINGS, AND ORDERS

1. This lawsuit arises out of the employment of Plaintiff LAVINIA DELONG (referred to hereinafter as "Plaintiff") by Jo-Ann.

2. On May 14, 2021, Plaintiff filed a First Amended Complaint in the Superior Court of the State of California, County of Shasta, entitled *LAVINIA DELONG, v. JO-ANN STORES, LLC, an Ohio Corporation, (dba JO-ANN FABRICS &CRAFT STORES, and dba JO-ANN FABRICS AND CRAFTS); and DOES 1-20, inclusive,* designated as Case No. 196102 (the "Complaint").

3. The Complaint purports to assert the following causes of action against the single Defendant Jo-Ann: (1) Discrimination in Violation of California Government Code §§ 12940 *et seq.*; (2) Harassment in Violation of California Government Code §§ 12940 *et seq.*; (3) Failure to Prevent Discrimination and Harassment, in Violation of California Government Code § 12940(k); (4) Failure to Pay Minimum Wage (Cal. Lab. Code §§ 1194, 1194.2, and 1197); (5) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226); (6) Waiting Time Penalties (Cal. Lab. Code §§ 201 and 203); (7) Wrongful Demotion in Violation of Public Policy; (8) Declaratory Judgment; (9) Unfair Competition in Violation Of Bus. & Prof. Code §§ 17200 *et seq.*; (10) Intentional Infliction of Emotional Distress; and (11) Wrongful Termination in Violation of Public Policy. Declaration of Benjamin L. Webster filed and served herewith ("Webster Decl.") ¶ 2, Ex. A; Complaint ¶¶ 24-94.

4. On May 25, 2021, Jo-Ann's registered agent was served with a Summons and a copy of the Complaint, as well as related Court documents. Webster Decl. ¶ 2; Declaration of Ann Aber filed and served herewith ("Aber Decl.") ¶ 7. This constitutes Jo-Ann's first legal notice of the

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                    2                    CASE NO.

Superior Court Action for purposes of removal. Webster Decl. ¶¶ 3-4; see also Aber Decl. ¶ 7. The original complaint was not served on Defendant. Webster Decl. ¶ 4; Aber Decl. ¶ 7.

5.  The Summons, Complaint, and related Court documents constitute all of the pleadings and process that have been served upon Jo-Ann in this action to date. No other documents have been served upon Jo-Ann. Webster Decl. ¶¶ 2-4, Ex. A. Defendant timely filed and served an answer to the Complaint in Superior Court for the County of Shasta on June 23, 2021. Webster Decl. ¶ 3, Ex. B.

6.  The Complaint also names as defendants "DOES 1-20, inclusive." Defendant is informed and believes, and on that basis alleges, that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously named defendants are not parties to this action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a).

## II.
## JURISDICTION AND VENUE

7.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1) and 1391(a) because a substantial part of the acts alleged in the Complaint are alleged to have occurred in this District.

8.  As discussed below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and Jo-Ann may remove this action to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## III.
## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A)

A.  **Diversity of Citizenship**

   1.  **Plaintiff is a Citizen of California**

9.  For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at time lawsuit is filed).

10.  Defendant is informed, believes, and therefore alleges, at all relevant times and

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT     3     CASE NO.

through the date this action was commenced, Plaintiff has resided in the State of California. Aber Decl. ¶ 3. Moreover, the Complaint alleges that Plaintiff was a California resident at all relevant times. Complaint ¶ 1. Therefore, Plaintiff was at all relevant times a citizen of California. Plaintiff's residence is *prima facie* evidence of domicile. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (holding that allegation in state court complaint of residency "create[s] a presumption of continuing residence in [state] and put[s] the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

**2.    Jo-Ann is Not a Citizen of California**

11.    For diversity purposes, a limited liability company's citizenship is the citizenship of each of its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006), cert. denied, 549 U.S. 1047 (2006). If an LLC's members are, themselves, unincorporated associations (*e.g.*, additional LLCs), the citizenship of an LLC party is determined by a complete upstream analysis of its organizational structure. *Bayerische Landesbank, NY Branch v. Aladdin Capital Management, LLC*, 692 F.3d 42, 49 (2d Cir. 2012). For example, in *Bayerische*, the Second Circuit held that Defendant Aladdin Capital Management, LLC possessed the citizenship of its sole member Aladdin Capital Holdings, LLC, which possessed the citizenship of each of its 10 members. *See id.* at 51 (upstream inquiry ends with corporate member(s)).

12.    Here, Jo-Ann is an Ohio LLC, with its principal place of business in Ohio. Aber Decl. ¶ 4. Jo-Ann is wholly owned by Needle Holdings LLC ("Needle Holdings"), a Delaware LLC, which in turn is wholly owned by JOANN Inc., a publicly traded Delaware corporation (NASDAQ: JOAN) with its business address in Ohio. *Id.* Neither Needle Holdings nor JOANN Inc. has a headquarters or principal place of business in California. *Id.* Moreover, the Complaint alleges that Defendant is an Ohio corporation. Complaint ¶ 2.

13.    Based on the foregoing, Jo-Ann is not a citizen of California for diversity purposes. *Johnson v. Columbia Properties Anchorage, LP, supra,* 437 F.3d at 89.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT    4    CASE NO.

### 3. Citizenship of the Doe Defendants Should be Disregarded for Diversity Purposes

14. For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(b)(1).

15. Defendants Does 1-20 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(b)(1), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

### B. The Amount in Controversy Exceeds $75,000

16. Plaintiff's Complaint does not specify the amount that she seeks to recover from Defendant in this action. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 551 (Dec. 15, 2014) (citing 28 U.S.C. §1446(a)).

17. The removing party does not need to prove actual facts but rather need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, *2 (C.D. Cal. March 3, 2015) (citing *Dart Cherokee Basin Operating Co., supra,* 135 S. Ct. at 551). Moreover, Defendant need not submit evidence to support its notice of removal. *Dart Cherokee*, *supra*, 135 S. Ct. at 553. Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

18. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in her complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT     5     CASE NO.

Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)).

19. Although Jo-Ann denies the validity and merit of all of Plaintiff's claims and allegations and denies that Plaintiff is entitled to any relief, Plaintiff's claims establish an amount "in controversy" well in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

**1. Lost Wages and Benefits**

20. Plaintiff's Complaint includes eleven separate causes of action arising out of the termination of her employment. She alleges that, as a result of Defendant's alleged actions, she has suffered loss of wages. Webster Decl. ¶ 2, Ex. A; Complaint ¶¶ 44-45.

21. If Plaintiff prevails on her wrongful termination and/or her discrimination claims, she potentially could recover the amount she would have earned up through the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2012); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

22. At the time Plaintiff's employment ended on or about May 31, 2019, she was paid at the rate of $12.00 per hour. Aber Decl. ¶¶ 5-6. Plaintiff's complaint alleges that she was scheduled for 18-23 hours a week. Webster Decl. ¶ 2, Ex. A; Complaint ¶¶ 12, 62. If Plaintiff were to recover back wages from May 31, 2019 to the present, she potentially could recover back wages totaling approximately $29,808.00 ($276/wk. x 108 wks.). Moreover, if the case proceeds to trial in May 2022 – a year from when Jo-Ann was served – and Plaintiff remains unemployed, she may be seeking a total of about 156 weeks of lost wages, or approximately **$43,056.00** ($276/wk. x 156 wks.).

23. Her claim also includes causes of action for civil penalties in which she claims **$4,000.00** for penalties related to alleged wage statement violations. Webster Decl. ¶ 2, Ex. A; Complaint ¶¶ 50-55. Her complaint also includes a request for waiting time penalties at the maximum

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT   6   CASE NO.

amount of 30 days of regular pay. This could amount to **$2,880.00** (8 hours per day x 12.00/hr x 30 days). Webster Decl. ¶ 2, Ex. A; Complaint ¶¶ 58-60.

### 2. Emotional Distress Damages

24. Plaintiff alleges that, as a result of Defendants' alleged unlawful conduct, she has suffered, *inter alia*, emotional distress, humiliation, mental anguish, and embarrassment. Webster Decl. ¶ 2, Ex. A; Complaint ¶¶ 18, 79-82. Plaintiff's potential recovery of such damages further augments the foregoing amount and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

25. In the *Kroske* case, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005), *cert denied,* 127 S.Ct. 157 (2006). Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least **$25,000** to the amount in controversy.

### 3. Punitive Damages

26. Plaintiff also seeks an award of punitive damages. *See* Webster Decl. ¶ 2, Ex. A; Complaint ¶¶ 5, 21, 32, 38, 93. Under California law, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 2394(a). Punitive damages may be included in calculating the amount in controversy. *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). A single-digit ratio (*i.e.,* no more than nine-to-one) is typically appropriate for an award of punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

7

CASE NO.

408, 425 (2003).

27. Plaintiff alleges that she suffered from mental and emotional distress. She further alleges, *inter alia*, that Jo-Ann discriminated against her on the basis of a disability. Webster Decl. ¶ 2, Ex. A; Complaint ¶¶ 9, 11-13, 26-27, 30, 37, 62-63, 68-69, 80, 87, 92. Jury verdicts in California cases involving similar factual allegations demonstrate that, were Plaintiff to prove the allegations of the Complaint and prevail at trial, her punitive damages could bring the amount in controversy to well over the $75,000 threshold. For instance, in *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), the plaintiff alleged that, after she began experiencing panic attacks during her employment, her employer refused to accommodate her condition by permitting her to be absent without notice, and ultimately terminated her employment for violating its attendance policy. The plaintiff then sued and asserted claims under the FEHA for disability discrimination and harassment, failure to accommodate, and wrongful termination. The jury returned a verdict for the plaintiff and awarded punitive damages of $15 million against the employer. The intermediate appellate court reduced the punitive damages award to $2 million, and the California Supreme Court further reduced it to $1,905,000 (equal to the compensatory damages award). In *McGee v. Tucoemas Federal Credit Union*, 153 Cal. App. 4th 1351 (2007), the plaintiff alleged that, after she had taken a leave of absence to undergo treatment for breast cancer, her employer required her to return to work after four months and told her that she would be fired if she needed more time. When she requested that she be permitted to work from home, her request was denied; upon returning to work, she was demoted to a position that involved greater physical demands. The plaintiff resigned her position due to stress. She then sued the employer, alleging claims of disability discrimination, failure to provide a reasonable accommodation, and failure to engage in the interactive process. The jury returned a verdict for the plaintiff and awarded her $1.2 million in punitive damages against the employer. The appellate court affirmed.

28. Although Jo-Ann disputes that Plaintiff is entitled to recover any amount in punitive damages or any other damages, the *Roby* and *McGee* decisions illustrate that a punitive damages award potentially could alone exceed $1 million. And, most conservatively, the amount awarded in punitive damages in this matter could be at least **$100,000**.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

8

CASE NO.

### 4. Attorney's Fees

29. Plaintiff's Complaint also includes a claim for attorney's fees. Webster Decl. ¶ 2, Ex. A; Complaint at 19 (Prayer for Relief). Attorney's fees that are potentially recoverable by statute also are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

30. The bulk of Plaintiff's Complaint alleges violations of the Fair Employment and Housing Act, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code § 12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

31. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id.* "Recent estimates for the number of hours expended through trial for employment cases in [the Eastern District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015) (citations omitted). Thus, Plaintiff's demand for attorneys' fees adds at least **$30,000** to the amount in controversy.

### 5. Plaintiff's Settlement Analysis

32. A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

33. Plaintiff, through counsel, has indicated that she believes a jury could easily award Plaintiff $175,000.00. Webster Decl. ¶ 5. Plaintiff has also made multiple settlement demands in excess of $75,000. *Id.* Based on Plaintiff's own valuation of the case the amount in controversy is met.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT   9   CASE NO.

34. Consequently, a preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.
## NOTICE OF REMOVAL

35. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty days of service of the Complaint on Jo-Ann on May 35, 2021, and within one year after commencement of this action.

36. As required by 28 U.S.C. § 1446(d), Jo-Ann will promptly provide written notice of this Notice of Removal to the Law Office of Brittany Torbert, counsel for Plaintiff, and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Shasta. Webster Decl. ¶ 6.

## V.
## CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Jo-Ann removes this action from the Superior Court of Shasta County, California, to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated: June 24, 2021                        LITTLER MENDELSON P.C.


*/s/ Nicholas W. McKinney*
Benjamin L. Webster
Nicholas W. McKinney
Attorneys for Defendant
JO-ANN STORES, LLC

4852-2972-8240.1 / 035955-1153

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

10

CASE NO.