Benjamin L. Webster, Bar No. 132230
bwebster@littler.com
NICHOLAS W. McKINNEY, Bar No. 322792
nmckinney@littler.com
LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, California  95814
Telephone:    916.830.7200
Fax No.:    916.561.0828

Attorneys for Defendant
JO-ANN STORES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVINIA DELONG,<br><br>                    Plaintiff,<br><br>          v.<br><br>JO-ANN STORES, LLC, an Ohio Corporation,<br>(dba JO-ANN FABRICS & CRAFT STORES,<br>and dba JO-ANN FABRICS AND CRAFTS);<br>and DOES 1-20, inclusive,<br><br>                    Defendant. | Case No.<br><br>**DECLARATION OF BENJAMIN L. WEBSTER IN SUPPORT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

DECLARATION OF BENJAMIN L.
WEBSTER IN SUPPORT OF REMOVAL                    1                    CASE NO.

I, BENJAMIN L. WEBSTER, declare:

1.      I am an attorney licensed to practice law before all courts in the State of California, and I am employed as a shareholder in the Sacramento office of Littler Mendelson, P.C., attorneys of record for Defendant JO-ANN STORES, LLC. ("Jo-Ann" or "Defendant") in the above-entitled action. I am over the age of 18. As an attorney of the firm, I am familiar with the office's filing and record-keeping procedures. I have personal knowledge of the matters stated in this declaration by virtue of my representation of Defendant in this action. If called upon as a witness, I could and would testify, under oath, to the facts set forth below.

2.      On May 25, 2021, Jo-Ann's registered agent was served with a Summons and a copy of the First Amended Complaint ("Complaint"), and related Court documents.  Attached hereto as **Exhibit A** is a true and correct copy of the Summons filed in this matter, as well as the Complaint and related Court documents – Notice of 1) All Purposes Assignment, 2) Mandatory Settlement Conference and 3) Trial; and Alternative Dispute Resolution (ADR) Package.

3.      The Summons, Complaint, and related Court documents constitute all of the pleadings and process that have been served upon Jo-Ann in this action to date.  No other documents have been served upon Jo-Ann.  Jo-Ann timely filed and served an answer in the Superior Court for the County of Shasta on June 23, 2021. A true and correct copy of the answer filed by Defendant in the Shasta County Superior Court is attached hereto as **Exhibit B**.

4.      Jo-Ann was not served with the original complaint filed in this matter.

5.      During initial attempts to resolve this matter outside of court counsel for Plaintiff indicated to Defendant's counsel that a jury could easily award Plaintiff $175,000.00, and made multiple settlement demands in excess of $75,000.

6.      Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Brittany R. Torbert, LAW OFFICE OF BRITTANY TORBERT, 2999 Douglas Blvd. #180, Roseville, CA 95661. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior court of the State of California, County of Shasta.

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DECLARATION OF BENJAMIN L.
WEBSTER IN SUPPORT OF REMOVAL          2          CASE NO.

1          I declare under the penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3          Executed this 24 day of June, 2021 at Sacramento, California.

4

5

6                    BENJAMIN L. WEBSTER

7    4831-1448-8816.1 / 035955-1153

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DECLARATION OF BENJAMIN L.
WEBSTER IN SUPPORT OF REMOVAL

3

CASE NO.

EXHIBIT A

# \# 74296

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JO-ANN STORES, LLC, an Ohio Corporation dba JO-ANN FABRICS & CRAFT STORES and dba JO-ANN FABRICS AND CRAFTS; and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LAVINIA DELONG          FIRST AMENDED COMPLAINT

**FILED**

MAY 1 4 2021

CLERK OF THE SUPERIOR COURT
BY: A. ANDERSEN, DEPUTY CLERK

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA-REDDING MAIN COURTHOUSE, 1500 Court Street, Redding, CA 96001 | CASE NUMBER: *(Número del Caso):*<br>196102 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Office of Brittany Torbert - Brittany Torbert, Esq. 2999 Douglas, Blvd. #180, Roseville, CA 95661 (916) 283-7100

| DATE:<br>*(Fecha)* MAY 1 4 2021 | Clerk, by<br>*(Secretario)* **A. ANDERSEN** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* JO-ANN STORES, LLC, an Ohio corporation dba JO-ANN FABRICS & CRAFT STORES and dba JO-ANN FABRICS AND CRAFTS

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [X] other *(specify):* corp code 17701.16-LLC
4. [X] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Brittany R. Torbert, Esq. (SBN #314905)
LAW OFFICE OF BRITTANY TORBERT
2999 Douglas Blvd. #180
Roseville, CA 95661
Phone: (916) 283-7100  Fax: (916) 587-9101
Attorney for Plaintiff, LAVINIA DELONG



**FILED**

MAY 1 4 2021

CLERK OF THE SUPERIOR COURT
BY: A. ANDERSEN, DEPUTY CLERK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SHASTA

| | |
|---|---|
| LAVINIA DELONG,<br><br>Plaintiff,<br><br>vs.<br><br>JO-ANN STORES, LLC, an Ohio Corporation, (dba JO-ANN FABRICS & CRAFT STORES, and dba JO-ANN FABRICS AND CRAFTS); and DOES 1-20, inclusive;<br><br>Defendants. | Case No.:  196102<br>Honorable Tamara L. Wood<br>Dept. 8<br><br>[Unlimited Civil Case]<br><br>**FIRST AMENDED COMPLAINT:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT, IN VIOLATION OF GOV'T CODE § 12940(k);**<br><br>4. **FAILURE TO PAY MINIMUM WAGE (CAL. LAB. CODE §§1194, 1194.2, & 1197);**<br><br>5. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (CAL. LAB. CODE § 226);**<br><br>6. **WAITING TIME PENALTIES (CAL. LAB. CODE §§201 & 203);**<br><br>7. **WRONGFUL DEMOTION IN VIOLATION OF PUBLIC POLICY;** |

1

FIRST AMENDED COMPLAINT

8. **FOR DECLARATORY JUDGMENT;**

9. **UNFAIR COMPETITION IN VIOLATION OF BUS. & PROF. CODE §§17200 ET SEQ.;**

10. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND**

11. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**

**DEMAND FOR JURY TRIAL**

Plaintiff, LAVINIA DELONG (hereinafter "Plaintiff" or "DELONG"), complains against Defendant, JO-ANN STORES, LLC (hereinafter "JO-ANN") (dba JO-ANN FABRICS & CRAFT STORES and dba JO-ANN FABRICS AND CRAFTS), an Ohio Corporation, and DOES 1 through 20, and each of them, for the causes of action set forth in this Complaint. Plaintiff demands a trial by jury of all issues and causes of actions, and hereby alleges, based upon information and belief, the following:

**PARTIES**

1. At all times relevant herein, Plaintiff, LAVINIA DELONG, was a resident of the State of California.

2. Defendant, JO-ANN STORES, LLC (dba JO-ANN FABRICS & CRAFT STORES and dba JO-ANN FABRICS AND CRAFTS), is an Ohio corporation.

3. Defendant, JO-ANN STORES, LLC (dba JO-ANN FABRICS & CRAFT STORES and dba JO-ANN FABRICS AND CRAFTS) is and was at all times mentioned herein qualified to do business in California, and was doing business in Shasta County, California, in the city of Redding, at 1175 Dana Drive, Redding, CA 96003, with its principal place of business at 5555 Darrow Road, Hudson, OH 44236.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 20, inclusive. Plaintiff therefore sues said defendants by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges, that at all times mentioned herein, each fictitiously

2

FIRST AMENDED COMPLAINT

1  named defendant was negligent or otherwise responsible in some manner, along with the named
2  defendants, for the occurrences herein alleged, and Plaintiff's damages as herein alleged were
3  legally and proximately caused by the acts and/or omissions of both the named and fictitiously
4  named defendants.

5      5. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned,
6  the defendants named in this action, as well as the fictitiously named defendants, and each of them,
7  were agents and employees of the remaining defendants, and in doing the things hereinafter
8  complained of, were acting within the course of scope of such agency or employment and with
9  the knowledge and consent of the remaining defendants. Each act complained of herein was
10 engaged in and/or ratified by an officer, director or managing agent of each corporate defendant
11 who acted with malice, oppression or fraud, thereby entitling Plaintiff to actual and punitive
12 damages. Wherever reference is made in this Complaint to any act or failure to act by a defendant,
13 such reference shall also be deemed to mean the acts and/or failures to act by each defendant
14 acting individually, jointly and severally.

15                                    **JURISDICTION AND VENUE**

16     6. This Court has jurisdiction because at all relevant times herein, Defendant JO-ANN, and
17 DOES 1 through 20, are and were at all times mentioned herein qualified to do business in
18 California, and were doing business in Shasta County, California. The events constituting the
19 conduct of Defendant set forth below in this Complaint occurred in this County of Shasta. Venue
20 is proper in this judicial district, pursuant to California Code of Civil Procedure sections 395 and
21 395.5. Defendant, at all relevant times, did business in the County of Shasta, and all acts and
22 omissions by Defendant giving rise to liability are alleged to have occurred in the County of Shasta,
23 making this Court the proper venue for Plaintiff's claims.

24                              **FACTS COMMON TO ALL CAUSES OF ACTION**

25     7. DELONG, a 48-year-old woman, who is legally deaf, began working for JO-ANN on
26 October 7, 2004 as a customer service team member. DELONG remained a loyal employee for
27 JO-ANN for fifteen (15) years until DELONG was wrongfully terminated by Defendant under

28

                                              3

1    false pretenses. Defendant attempted to hide the improper basis for its discriminatory termination

2    by creating the false explanation that DELONG had broken store policy.

3      8.  DELONG always received excellent performance reviews during her entire fifteen (15)

4    year employment with JO-ANN. DELONG was very hardworking and believed in following store

5    policies to the letter. DELONG did not break any store policy. DELONG was not written up,

6    disciplined, or even given a warning before being terminated, after allegedly breaking one store

7    policy (that was never actual policy) after fifteen (15) years of employment with JO-ANN.

8    DELONG was terminated by text message with no explanation or interpreter.

9      9.  Although DELONG is deaf, she is proficient at speaking and lip-reading. Despite her

10    disability, DELONG became a senior employee who was trusted and respected by customers and

11    employees alike. DELONG was a customer favorite and always went above and beyond for JO-

12    ANN.

13      10.  In 2014, DELONG was promoted to Administrator, making her in charge of arriving

14    before the store opened, counting the money in the drawers, handling the associated paperwork,

15    and doing price change notices. She handled her new position professionally and continued to

16    receive excellent performance reviews.

17      11.  It was not until manager William Faulk (hereinafter "Faulk") began working at the

18    Redding location in the beginning of 2019 that DELONG began getting picked on. Faulk harassed

19    DELONG by being rude to her and singling her out. Faulk was short with DELONG, gave her

20    dirty looks, and refused to allow her to read his lips. He would not let her speak to him, and he

21    would express annoyance of DELONG's hearing disability. Faulk began to nit-pick and attempted

22    to find fault in anything DELONG did. If DELONG tried to read his lips, he would refuse to speak

23    to her and walk away from her annoyed and visibly irritated. This behavior was apparent to other

24    employees. In addition, DELONG was told that Faulk was irritated that DELONG could not

25    answer the phones or understand him without reading lips, and that he did not want DELONG

26    working for JO-ANN because she was deaf.

27      12.  From February to May of 2019, Faulk gradually cut DELONG's hours from eighteen to

28    twenty-three (18-23) hours a week to six (6) hours a week, while simultaneously hiring new

1    employees. DELONG was chosen amongst the less senior employees to get reduced hours and
2    terminated because of her disability.

3        13. On May 28, 2019, DELONG was wrongfully terminated due to her disability based on
4    the false pretext that she was a "thief," because she allegedly allowed her mother, Susan Stewart,
5    to attend a few sewing workshops for free. Many employees allowed family members to attend
6    the workshops for free over the years as long there were at least two other paying customers
7    attending, as that was unwritten store policy, and nothing in JO-ANN's store policies specifically
8    prohibited employees from allowing employees' family members to sit in on classes. However,
9    DELONG was singled out and treated differently than employees who were hearing-abled.
10   DELONG was the only employee who was terminated for that purported reason. She was the only
11   employee who was deaf.

12       14. JO-ANN had an unwritten policy that employees were permitted to welcome family
13   members to sit in on classes for free as long as there were at least two paying customers already
14   in the class. DELONG strictly abided by this policy. This policy had been around and supported
15   by previous managers, including regional manager Jim Darwick and team leader Linda Willis,
16   since at least 2012, before Faulk was at the Redding location. DELONG even verified permission
17   for Susan Stewart to sit in on the classes with the floor managers on duty the days she attended
18   the classes. Susan Stewart would have gladly paid for the classes had she known it was necessary.

19       15. Never had there been a problem before with employees having family members sit in on
20   classes and there was no problem expressed by the floor managers on duty the days DELONG's
21   mother attended in 2019 either. The hearing-abled cashiers who registered DELONG's mother for
22   the classes for free were not reprimanded whatsoever, let alone terminated without warning after
23   fifteen (15) years of employment.

24       16. To make matters worse, Susan Stewart wasn't actually gaining anything from sitting in
25   on the workshops. She was merely adding a body in order to support her daughter in instructing
26   JO-ANN's classes. DELONG could have easily showed Susan Stewart any steps taught in class
27   at home for free. In addition, JO-ANN made money from Susan Stewart attending the classes
28   because all attendees must purchase their own materials, which she did.

FIRST AMENDED COMPLAINT

17. Nevertheless, DELONG was unfairly terminated in violation of public policy. JO-ANN terminated their senior 15-year, loyal, 48-year old, disabled employee by text message without even so much as an explanation, write-up, or warning, for purportedly doing nothing more than openly acquiescing to her mother sitting in on a few classes during Faulk's management.

18. No other employees were held to the same standard and terminated for the same action. DELONG suffered severe emotional distress after losing her long-time job with her familiar and loved customers and co-workers. DELONG loved her job and prided herself on customer service. DELONG was humiliated, confused, anxious, angry, and sad. Due to the egregious nature of how DELONG was suddenly and unexpectedly fired without explanation or an interpreter, DELONG was thrown into a fit of depression, which she still struggles with to this day due to losing the job and people she loved, the lack of justice, and lack of comparable employment.

19. Prior to terminating DELONG, Faulk held an over-the-phone meeting with DELONG and someone from loss prevention in order to create his false pretext for his discriminatory actions. Faulk had someone from loss prevention on speaker-phone but DELONG couldn't hear what was being discussed. Faulk then went and spoke with loss prevention on the phone by himself. DELONG did not understand what the situation was and had no idea there was even an issue with family members sitting in on classes, even at this point. DELONG did not understand the purpose of the meeting. Faulk simply asked DELONG to write down on a piece of paper that she had her mother sit in on a class and then sign the paper. He did not tell her the reason why or whether her mother sitting in on the classes was even prohibited. Faulk then told DELONG there was an ongoing confidential investigation and to not speak of their meeting to anyone. DELONG left the room and remained in the dark about the investigation being about her or that she was being set up to be terminated.

20. The next day, on May 28, 2019, Faulk sent DELONG a text message and told her she was suspended pending an investigation. DELONG then received a final check and termination papers in the mail stating "policy violation" the same day. For days, DELONG remained confused and had tremendous anxiety. A few days later, Faulk sent DELONG another text message stating she was terminated. She was never given an explanation as to why she was fired, nor was she ever

6

1  provided an interpreter to explain the discussions about her alleged misconduct. Subsequently, a
2  coworker told DELONG that Faulk complained that DELONG couldn't hear the loss prevention
3  call.

4      21. DELONG did not gain anything of value from Susan Stewart attending the workshops
5  without charge, nor did DELONG even sign Susan Stewart up herself. Nothing was stolen.
6  DELONG had always acted with integrity in her job. There was no good faith reason to involve
7  loss prevention or terminate DELONG. Faulk terminated DELONG because she was deaf. Such
8  behavior by JO-ANN and its managing employee is highly inappropriate, egregious, illegal, and
9  against public policy. Defendant's conduct was malicious and willful, entitling Plaintiff to
10 punitive damages. Punitive damages are appropriate where, as here, an employer attempts to hide
11 the improper basis for its adverse action by creating a false explanation. (See *Cloud v. Casey*
12 (1991) 76 Cal.App.4th 899, 912.)

13     22. In addition, DELONG was responsible in her job duties for making quilts, sewing
14 samples, and crochet samples for JO-ANN's workshops, while at home, without pay. DELONG
15 worked approximately three-hundred (300) hours for JO-ANN without pay or itemized statements
16 of her time spent on the samples.

17     23. Plaintiff timely exhausted all administrative remedies as to Defendant with the California
18 Department of Fair Employment and Housing, as evidenced by the Right to Sue letter attached
19 hereto as Exhibit "A."

20                           **FIRST CAUSE OF ACTION**

21     **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

22     24. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as
23 though set forth in full herein.

24     25. At all times hereto, the Fair Employment and Housing Act (hereinafter "FEHA") was in
25 full force and effect and was binding upon Defendant.

26     26. As such term is used under FEHA, "on the bases enumerated in this part" means or refers
27 to discrimination on the bases of one or more of the protected characteristics under FEHA. FEHA
28 requires Defendant to refrain from discriminating against an employee on the basis of a disability

1 | and/or medical condition, real or perceived, and to prevent discrimination on the basis of a
2 | disability and/or medical condition, real or perceived.

3 | 27.  Plaintiff was a member of a protected class as a result of Plaintiff's disability and/or age.

4 | 28.  At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff
5 | held with JO-ANN.

6 | 29. Plaintiff suffered the adverse employment actions of demotion in reduced hours and then
7 | wrongful termination in discrimination, and was harmed thereby.

8 | 30.  Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real
9 | or perceived, age, and/or some combination of these protected characteristics under Government
10 | Code § 12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the
11 | aforementioned adverse employment actions.

12 | 31.  Said conduct violates FEHA, and such violations were a proximate cause in Plaintiff's
13 | damage.

14 | 32.  The foregoing conduct of Defendant, individually, or by and through their officers,
15 | directors and/or managing agents, was intended by the Defendant to cause injury to the Plaintiff
16 | or was despicable conduct carried on by Defendant with a willful and conscious disregard of the
17 | rights of Plaintiff, or subjected Plaintiff to cruel and unjust hardship in conscious disregard of
18 | Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code § 3294, thereby
19 | entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of
20 | Defendant.

21 | 33.  Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of
22 | attorneys' fees and costs, including expert fees pursuant to FEHA.

23 | **SECOND CAUSE OF ACTION**

24 | **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

25 | 34.  Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as
26 | though set forth in full herein.

27 | 35. At all times hereto, FEHA was in full force and effect and was binding upon Defendant
28 | and each of them.

8

FIRST AMENDED COMPLAINT

36. Defendant's harassing conduct was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

37. Defendant violated FEHA and the public policy of the State of California, which is embodied in FEHA, by creating a hostile work environment and harassing Plaintiff because of Plaintiff's disability and/or medical condition.

38. The foregoing conduct of Defendant, individually, or by and through their officers, directors and/or managing agents, was intended by the Defendant to cause injury to the Plaintiff or was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff, or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant. Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to FEHA.

## THIRD CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT,

## IN VIOLATION OF GOV'T CODE §12940(k)

39. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as though set forth in full herein.

40. At all times hereto, FEHA, including in particular Government Code § 12940(k), was in full force and effect and was binding upon Defendant. This subsection imposes a duty on Defendant to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  As alleged above, Defendant violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

41. The above said acts of Defendant constitute violations of FEHA, harmed Plaintiff, and were a proximate cause in Plaintiff's damage as stated below.

9

FIRST AMENDED COMPLAINT

42. Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to FEHA.

### FOURTH CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE (CAL. LAB. CODE §§1194, 1194.2, & 1197)

43. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as though set forth in full herein.

44. Pursuant to Labor Code § 1197, payment of less than the minimum wage fixed by law is unlawful. An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.

45. At all relevant times, Defendant failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code § 1182.12, for approximately three-hundred (300) hours of work. Specifically, Defendant did not pay Plaintiff any wages, her hourly wage, or the requisite minimum wage, for approximately three-hundred (300) hours of work.

46. Defendant's failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code § 1197, to recovery by Plaintiff for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

47. Pursuant to Labor Code § 1194, Plaintiff requests that the Court award reasonable attorneys' fees and costs incurred by Plaintiff in this action.

48. In addition, pursuant to Labor Code § 1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid in the amounts set forth above, and interest thereon.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS

### (CAL. LAB. CODE § 226)

49. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as though set forth in full herein.

10

FIRST AMENDED COMPLAINT

50. Pursuant to Labor Code § 226, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned. An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code § 226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all. Plaintiff was not provided accurate wage statements over many pay periods during her last several years working for JO-ANN, for each week that Plaintiff worked making sewing and crochet samples without any pay.

51. At all relevant times, Defendant failed to provide Plaintiff with accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.

52. Plaintiff is not exempt from the requirements of Labor Code § 226.

53. Defendant's failure has injured Plaintiff, by misrepresenting and depriving her of hour, wage, and earnings information to which she is entitled, causing her difficulty and expense in attempting to reconstruct time and pay records, causing her not to be paid wages she is entitled to, and causing her to be unable to rely on earnings statements in dealings with third parties.

54. In addition, thereto, pursuant to Labor Code § 226.3, an employer who willfully violates Labor Code § 226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

55. Plaintiff was paid on a bi-weekly basis. Defendant is liable to Plaintiff for her actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

56. Based on Defendant's conduct as alleged herein, Defendant is liable for damages and statutory penalties pursuant to Labor Code § 226, civil penalties pursuant to Labor Code § 226.3, and other applicable provisions, as well as attorneys' fees and costs.

11

FIRST AMENDED COMPLAINT

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES (CAL. LAB. CODE §§201 & 203)

57. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as though set forth in full herein.

58. At all relevant times, Defendant failed to pay all of Plaintiff's accrued wages and other compensation due immediately upon termination. Plaintiff has still never been paid for approximately three-hundred (300) hours of labor. These wages refer to, at a minimum, unpaid wages that Defendant should have paid, but did not pay to Plaintiff during the term of her employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

59. Plaintiff is not exempt from the requirements of Labor Code §§201-203.

60. As a direct and proximate result of Defendant's willful failure to pay these wages, Plaintiff is entitled to payment of her regular hourly compensation and commissions in an amount to be proven at trial, and waiting time penalties, calculated based on thirty (30) days times a regular daily wage. Based on Defendant's conduct as alleged herein, Defendant's are liable for statutory penalties pursuant to Labor Code § 203 and other applicable provisions, as well as attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### WRONGFUL DEMOTION

### IN VIOLATION OF PUBLIC POLICY

61. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as though set forth in full herein.

62. In violation of California's public policy, as set forth in Plaintiff's Eighth and Twelfth Cause of Action in Plaintiff's Complaint set forth herein, Defendant discriminated against Plaintiff due to her disability by demoting Plaintiff when Defendant cut Plaintiff's hours from eighteen to twenty-three (18-23) hours a week to six (6) hours a week.

12

FIRST AMENDED COMPLAINT

63. Plaintiff believes and thereon alleges that a substantial factor in Defendant's decision to demote Plaintiff was Plaintiff's hearing disability. Such discrimination has resulted in damage and injury to Plaintiff as alleged herein.

## EIGHTH CAUSE OF ACTION

## FOR DECLARATORY JUDGMENT

64. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as though set forth in full herein.

65. Government Code § 12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

66. Government Code § 12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be

13

deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

67. Moreover, Government Code § 12921, subdivision (a) states in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status is hereby recognized as and declared to be a civil right.

68. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties as it is believed that Defendant may allege that they did not discriminate against Plaintiff and that Plaintiff was not terminated as a result of Plaintiff's disability. Plaintiff contends that Defendant did discriminate against Plaintiff on the basis of Plaintiff's disability and was wrongfully terminated as a result of Plaintiff's disability. Plaintiff is informed and believes, and on that basis alleges, that Defendant shall dispute Plaintiff's contentions.

69. Pursuant to Code of Civil Procedure § 1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's disability was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

70. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California, and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendant and to condemn such discriminatory employment policies or practices prospectively. (See *Harris v. City of Santa Monica* (2013) 56 Cal.App.4th 203.)

71. Government Code § 12965(b) provides that an aggrieved party such as Plaintiff may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

14

FIRST AMENDED COMPLAINT

## NINTH CAUSE OF ACTION

## UNFAIR COMPETITION IN VIOLATION OF BUS. & PROF. CODE §§17200 ET SEQ.

72. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as though set forth in full herein.

73. JO-ANN's violations of Government Code §§12940 et seq.; Labor Code §§201-203, 226, 1194, 1194.2, 1197 and other applicable provisions and common law standards as adopted by California courts, as alleged herein, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

74. As a result of JO-ANN's unfair business practices, JO-ANN has reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public. JO-ANN should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

75. JO-ANN's unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that JO-ANN accounts for, disgorges, and restores to the Plaintiff monies and benefits unlawfully withheld and gained.

76. As a proximate cause of JO-ANN's conduct as alleged above, Plaintiff was harmed and Plaintiff suffered damages.

## TENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as though set forth in full herein.

78. Defendant was in a position of power over Plaintiff, with the potential to abuse that power, and they did. Plaintiff was in a vulnerable position because of her relative lack of power, because of her reliance on JO-ANN to employ her, because Plaintiff is deaf and was unable to understand what was going on because Defendant did not provide an interpreter for her, explain to her, or allow her to read lips to understand what was happening to her, and because of the great disparity in bargaining power between Plaintiff and Defendant. Defendant was aware of Plaintiff's vulnerability and the reasons for it.

79. Defendant terminated Plaintiff on May 28, 2020 for allegedly go against store policy when she actually never went against store policy. Plaintiff was a model employee for fifteen (15) years and had to suffer the outrageous news that she was losing her job, while she was alone at home, with no explanation, by text message. Plaintiff was devastated and confused as any reasonable person would be in her position. Defendant's method of terminating Plaintiff caused Plaintiff severe emotional distress that persists to this day. Following her termination, Plaintiff was unable to get a job during COVID-19 as many people weren't. However, Plaintiff very unfortunately was ineligible for unemployment and the $600.00 a week Care Act funds during COVID-19 because Defendant had fired her.

80. Defendant, and each of them, knew or should have known their acts towards Plaintiff would cause Plaintiff severe emotional distress, as any reasonable person in Plaintiff's position would suffer if terminated from their employment of fifteen (15) years for their disability by text message with no explanation.

81. Plaintiff has been completely financially broke, without any income, due to Defendant's misconduct. Plaintiff has been severely depressed ever since Defendant wrongfully terminated her. Having to accept that the employer she was loyal to for fifteen (15) years fired her because she was deaf left Plaintiff humiliated, angry, hurt, anxious, worried and sad. Defendant left Plaintiff without a sense of self-worth due to Defendant's method of terminating her by text message without explanation. The way Plaintiff was treated by Defendant was egregious. Defendant knew or should have known Plaintiff derived self-worth from her employment with JO-ANN and that she would suffer emotional distress should she be terminated under false pretenses without any explanation.

82. Defendant intended to cause Plaintiff emotional distress and/or was done with reckless disregard of the probability of causing Plaintiff emotional distress.

83. Plaintiff's embarrassment, depression, anger, humiliation, hurt, disappointment, anxiety, and worry, are all substantial and enduring.

84. As a proximate result of Defendant's conduct as alleged above, Plaintiff was harmed and suffered damages.

16

FIRST AMENDED COMPLAINT

## ELEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

85. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23, inclusive, as though set forth in full herein.

86. Under California law, no employee, whether an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. In recent years, California courts have interpreted a fundamental public policy to be any articulable constitutional, statutory, or regulatory provision that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or the employer. Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

87. Defendant violated public policy by discriminating against Plaintiff due to Plaintiff's disability. Plaintiff was terminated in violation of public policy pursuant to the following statutes that affect society at large:

1. California Government Code § 12940(a), which prohibits employers and supervisors from harassing, discriminating or retaliating against an employee based upon said employee's disabilities;

2. California Government Code §§12940(j) and (k), which requires employers to take affirmative steps to prevent discrimination, harassment or retaliation in the workplace against employees based upon their disabilities;

3. California Government Code § 12940(j), which provides that it is unlawful for an employer to harass an employee because of an employee's disabilities;

4. California Civil Code §§1709 and 1710, and 1571 and 1572, which impose liability upon one for deceit by one who willfully deceives another with intent to enter into a contract;

5. California Business and Professions Code § 17200, which prohibits employers from engaging in unfair, unlawful or fraudulent business practices;

6. Labor Codes §§201, 203, 226, 1197, 1194, and 1194.2; and

17

FIRST AMENDED COMPLAINT

7.  All other state and federal statutes, regulations, administrative orders, and ordinances

that affect society at large, and which discovery will reveal were violated.

92. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's disability of being deaf and Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

93. The foregoing conduct of Defendant, individually, or by and through their officers, directors and/or managing agents, was intended by the Defendant to cause injury to the Plaintiff and/or Defendant conduct was despicable, with a willful and conscious disregard of the rights of Plaintiff, and/or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

94. As a result of Defendant wrongfully terminating Plaintiff, Plaintiff was harmed and suffered damages. Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendant as follows, in an amount according to proof, but in excess of the minimum jurisdiction of this Court:

1.  For a money judgment representing compensatory damages including lost wages, earnings, unpaid wages and penalties, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.  For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3.  For statutory penalties and damages pursuant to Labor Code sections 226 and 226.3;

4.  For statutory penalties pursuant to Labor Code sections 1197, 1194, and 1194.2;

5.  For waiting time penalties pursuant to Labor Code sections 201 and 203;

18

FIRST AMENDED COMPLAINT

6. For punitive damages where authorized by law, including, but not limited to, Civil Code section 3294. Punitive damages are appropriate where, as here, an employer attempts to hide the improper basis for its adverse action by creating a false explanation. (See *Cloud v. Casey* (1991) 76 Cal.App.4th 899, 912.);

7. For restitutionary disgorgement of profits garnered as a result of Defendant's unlawful conduct, failure to pay wages, and other compensation in accordance with the law;

8. For costs of suit and attorneys' fees pursuant to the Labor Code and/or any other basis, including, but not limited to Government Code section 12965(b) and Labor Code sections 218.5, 226, and 1194, including lodestar and multiplier;

9. For interest pursuant to Labor Code section 218.6;

10. For public injunctive relief;

11. For general damages to compensate for emotional distress and aggravation in excess of the jurisdictional minimum of this Court;

12. For liquidated damages in an amount equal to the minimum wages unlawfully unpaid in the amounts set forth above, and interest thereon;

13. For post-judgment interest; and

14. For any other relief the Court deems is just and proper.


DATED: April 29, 2021                           LAW OFFICE OF BRITTANY TORBERT



                                         *Brittany Torbert*
                                 By:     BRITTANY R. TORBERT
                                         Attorney for Plaintiff,
                                         LAVINIA DELONG

19

FIRST AMENDED COMPLAINT

STATE OF CALIFORNIA | State and Consumer Services Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove, CA | 95758
800-884-1684 | Videophone for the DEAF 916-226-5285
www.dfeh.ca.gov | e-mail: contact.center@dfeh.ca.gov

EEOC Number:     550-2019-01413C

Case Name:       Lavinia A. Delong vs. JO-ANN FABRICS & CRAFT STORES

Filing Date:     October 31, 2019

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH), a state agency, and the United States Equal Employment Opportunity Commission (EEOC), a federal agency. The complaint will be filed in accordance with California Government Code section 12960. The notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

## NOTICE TO COMPLAINANT OF RIGHT TO SUE

This letter is also your state Right to Sue notice. This state Right to Sue Notice allows you to file a private lawsuit. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above- referenced complaint. The lawsuit may be filed in a State of California Superior Court.

Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice or, pursuant to Government Code section 12965, subdivision (d)(2), 90 days from receipt of the federal right-to-sue letter from the EEOC, whichever is later. You should consult an attorney to determine with accuracy the date
by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

Be advised, the DFEH does not retain case records beyond three years after a complaint is filed.

(Revised 11/2016)

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SHASTA

CASE NO.: **196102**

NOTICE OF 1) ALL PURPOSE ASSIGNMENT,
2) MANDATORY SETTLEMENT
CONFERENCE AND 3) TRIAL

# INSTRUCTIONS – READ IMMEDIATELY!

## ORDER OF ASSIGNMENT

This action is assigned to the ☐ Hon. Stephen H. Baker / ☑ Hon. Tamara L. Wood for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

## MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on Monday/Tuesday ___7 / 7 / 6 / 2 1___ at 1:30 p.m. in Department ☐ 3 / ☑ 8, located at 1500 Court Street, Redding, California 96001. All parties to this action are required to appear at the Settlement Conference.

The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

## TRIAL DATE

This matter is set for Trial on Tuesday/Wednesday, ___9 / 28 / 21___ at 8:45 a.m. in Department ☐ 3 / ☑ 8, located at 1500 Court Street, Redding, CA 96001.

## REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated:  January 1, 2019

DANIEL E. FLYNN, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON
__10 / 29 / 2020__ BY: _Anderson_ , DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. Private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at http://www.courts.ca.gov/programs-adr.htm. If the parties agree to an ADR program, the parties may file the agreement with the court for the purpose of assisting the court in determining how to proceed at the case management conference.

### Potential Advantages and Disadvantages

ADR may have a variety of advantages and disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships.

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute.
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable.

### Most Common Types of ADR

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Neutral Evaluation** – The parties briefly and informally present their facts and arguments to a neutral person called an "evaluator", who is often an expert in the subject matter of the dispute. The evaluator does not decide the outcome of the dispute, but helps the parties to do so by giving them a non-binding opinion about the strengths, weaknesses, and likely outcome of their case. Depending on the neutral evaluation program and the parties' wishes, the evaluator may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties want a neutral person's opinion about how

Information Sheet
Shasta County Superior Court
LF-CIV-103 [rev March 28, 2013]

ALTERNATIVE DISPUTE RESOLUTION
(ADR) INFORMATION PACKAGE

Page 1 of 2

the case might be resolved, if the primary dispute is the amount of damages, or if there are technical issues that the parties would like a neutral expert to help resolve.

**Arbitration** – The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to *binding arbitration*, they waive their right to a trial and agree to accept the arbitrator's decision as final. With *nonbinding arbitration*, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or want an expert in the subject matter of the dispute to make the decision.

## Selecting an ADR Program and Neutral

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications of any neutral you are considering, and about their fees.

## Shasta County Superior Court ADR Programs

When a civil case is set for trial the judge also will set a settlement conference date approximately six weeks before the trial date. The judge assigned to the case will assist the parties in attempting to arrive at a negotiated resolution.

Shasta County Superior Court does not offer mediation, neutral evaluations, or arbitrations.

**Private ADR Providers** – To find a private ADR program or neutral evaluator, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or the Shasta-Trinity Counties Bar Association may assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts website at http://courts.ca.gov/selfhelp.htm .

Information Sheet
Shasta County Superior Court
LF-CIV-103  [rev March 28, 2013]

ALTERNATIVE DISPUTE RESOLUTION
(ADR) INFORMATION PACKAGE

Page 2 of 2

**CT Corporation**

**Service of Process Transmittal**
05/25/2021
CT Log Number 539620377

| | |
|---|---|
| **TO:** | Ann Aber<br>Jo-Ann Stores, LLC<br>5555 DARROW RD<br>HUDSON, OH 44236-4054 |
| **RE:** | **Process Served in California** |
| **FOR:** | Jo-Ann Stores, LLC  (Domestic State: OH) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LAVINIA DELONG, PLTF. vs. JO-ANN STORES, LLC, ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 196102 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/25/2021 at 14:42 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/26/2021, Expected Purge Date: 05/31/2021<br><br>Image SOP<br><br>Email Notification,  Ann Aber  ann.aber@joann.com<br><br>Email Notification,  Robin Cooper  robin.cooper@joann.com<br><br>Email Notification,  Michele Tokes  michele.tokes@joann.com<br><br>Email Notification,  Robert Icsman  bob.icsman@joann.com<br><br>Email Notification,  Melana Collins  melana.collins@joann.com<br><br>Email Notification,  James Weikamp  james.weikamp@joann.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

CT Corporation

**Service of Process
Transmittal**
05/25/2021
CT Log Number 539620377

**TO:**   Ann Aber
Jo-Ann Stores, LLC
5555 DARROW RD
HUDSON, OH 44236-4054

**RE:**   **Process Served in California**

**FOR:**   Jo-Ann Stores, LLC  (Domestic State: OH)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Tue, May 25, 2021

**Server Name:**                             Jim Sands

| Entity Served | JO-ANN STORES, LLC |
|---|---|
| Case Number | 196102 |
| Jurisdiction | CA |



EXHIBIT B

COPY

FILED

JUN 2 3 2021

CLERK OF THE SUPERIOR COURT
BY: K. BESANA, DEPUTY CLERK

1   Benjamin L. Webster, Bar No. 132230
    bwebster@littler.com
2   Nicholas W. McKinney, Bar No. 322792
    nmckinney@littler.com
3   LITTLER MENDELSON P.C.
    500 Capitol Mall
4   Suite 2000
    Sacramento, California  95814
5   Telephone:    916.830.7200
    Fax No.:      916.561.0828
6
    Attorneys for Defendant
7   JO-ANN STORES, LLC

8                   SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SHASTA

10

11

12  LAVINIA DELONG,                        Case No.  196102

13             Plaintiff,                  **DEFENDANT'S ANSWER TO**
                                           **PLAINTIFF'S FIRST AMENDED**
14       v.                                **COMPLAINT**

15  JO-ANN STORES, LLC, an Ohio Corporation,   ASSIGNED FOR ALL PURPOSES TO
    (dba JO-ANN FABRICS & CRAFT STORES,        JUDGE TAMARA L. WOOD
16  and dba JO-ANN FABRICS AND CRAFTS);
    and DOES 1-20, inclusive,
17
               Defendants.
18

19

20

21

22

23

24

25

26

27

28

By Fax

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1   Defendant JO-ANN STORES, LLC ("Defendant") by and through its attorneys, on

2   behalf of itself and no other Defendant, hereby answers the First Amended Complaint for

3   Damages ("Complaint") filed by Plaintiff LAVINIA DELONG ("Plaintiff") and responds as

4   follows.

5   **GENERAL DENIAL**

6   Pursuant to the provisions of the California Code of Civil Procedure section 431.30,

7   subdivision (d), Defendant denies each and every, all and singular, of the allegations contained in

8   Plaintiff's Complaint, conjunctively and disjunctively, and further denies that Plaintiff has

9   sustained or will sustain any damages at all, and further generally and specifically deny that Plaintiff

10   is entitled to any relief whatsoever.

11   **ADDITIONAL DEFENSES**

12   Without admitting any of the allegations of the Complaint and without admitting or

13   acknowledging that Defendant bears any burden of proof, Defendant asserts the following

14   additional defenses, which it designates as "separate" (or "affirmative") defenses. Any designation

15   of Defendant's defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of

16   proof with regard to any element of her causes of action. Defendant intends to rely upon any

17   additional defenses that become available or apparent during pretrial proceedings and discovery in

18   this action and hereby reserves the right to amend this Answer to assert all such further defenses.

19
20   1.   FOR AND AS A FIRST SEPARATE DEFENSE, Defendant alleges that

21   Plaintiff's Complaint, and each cause of action set forth therein, is barred to the extent it fails to

22   state facts sufficient to constitute a cause of action or to set forth a claim upon which relief can be

23   granted.

24   2.   FOR AND AS A SECOND SEPARATE DEFENSE, Defendant alleges that

25   Plaintiff's claims are barred, in whole or in part, to the extent that the applicable statute of

26   limitations has expired, including but not limited to California Government Code sections 12960

27   and 12965 subdivision (b), and California Code of Civil Procedure sections 338, 340(a) and/or 343.

28   3.   FOR AND AS A THIRD SEPARATE DEFENSE, to the extent Plaintiff

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

seeks to recover for alleged violations of the California Fair Employment and Housing Act ("FEHA"), California Government Code sections 12940 et seq., based on alleged incidents occurring prior to one year before the filing of her administrative charges, Defendant alleges that Plaintiff is not entitled to any relief for any such incidents.

4. FOR AND AS A FOURTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims under the FEHA are barred to the extent she failed to exhaust her administrative remedies.

5. FOR AND AS A FIFTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent they are subject to the equitable doctrines of estoppel, waiver, laches, and/or unclean hands.

6. FOR AND AS A SIXTH SEPARATE DEFENSE, Defendant alleges that, to the extent Plaintiff seeks recovery for her alleged emotional and/or physical damages, such claims and damages are preempted by her exclusive remedy pursuant to the California Workers' Compensation Act, California Labor Code section 3600 et seq.

7. FOR AND AS A SEVENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff is barred from recovery, in whole or in part, to the extent she has failed to mitigate her alleged damages.

8. FOR AND AS AN EIGHTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that her damages were caused by her own intentional and/or negligent acts and/or omissions.

9. FOR AND AS A NINTH SEPARATE DEFENSE, Defendant alleges that the Complaint is barred or damages should be reduced to the extent all actions taken against Plaintiff would or could have been taken in any event based upon after-acquired evidence of misconduct. The nature of this defense is such that additional facts supporting this defense are not yet known to Defendant. To the extent information relating to Plaintiff's misconduct is discovered throughout the pendency of this action such misconduct should bar or limit remedies otherwise available to Plaintiff.

10. FOR AND AS A TENTH SEPARATE DEFENSE, Defendant alleges that

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

3

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's recovery, if any, should be reduced to the extent that Plaintiff has obtained income from other employment, workers' compensation, and/or other sources and that such monies must be set off against any potential damages.

11.     FOR AND AS AN ELEVENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, either in whole or in part, under the applicable provisions of California Civil Code section 3294, or such other statutes of similar effect that may be applicable.

12.     FOR AND AS A TWELFTH SEPARATE DEFENSE, Defendant alleges that any imposition of punitive damages violates Defendant's Constitutional rights and any actions it conducted, or any actions taken on its behalf, were not done with malice, oppression, or fraud.

13.     FOR AND AS A THIRTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred, in whole or in party, by the doctrines of res judicata and/or collateral estoppel.

14.     FOR AND AS A FOURTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claim for alleged failure to prevent discrimination and/or harassment and/or retaliation is barred because there is no private right of action under California Government Code section 12940(k).

15.     FOR AND AS A FIFTEENTH SEPARATE DEFENSE, Defendant alleges that Plaintiff's claims are barred to the extent that, even if any decision concerning Plaintiff was based in part on discriminatory grounds (which Defendant denies), Defendant would have reached the same decision absent any alleged discrimination or retaliation.

16.     FOR AND AS A SIXTEENTH SEPARATE DEFENSE, Defendant alleges that any recovery Plaintiff may be entitled to herein should be offset and/or reduced by the proportionate amount of Plaintiff's negligence, fault, bad faith, breach of common law duties and violation of statutory duties, including any offset or deduction, with respect to Plaintiff's claimed damages and with respect to alleged damages caused by Defendant.

17.     FOR AND AS A SEVENTEENTH SEPARATE DEFENSE, Defendant alleges that it had suitable anti-discrimination policies in effect at all times material to the

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

4

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1    allegations in Plaintiff's Complaint, and that Plaintiff's claims are barred to the extent she

2    unreasonably failed to take advantage of such policies and to otherwise avoid her alleged harm.

3        18.    FOR AND AS AN EIGHTEENTH SEPARATE DEFENSE, Defendant

4    alleges that it is not vicariously liable for any act or omission of any person, by way of respondeat

5    superior, agency, or otherwise.

6        19.    FOR AND AS A NINETEENTH SEPARATE DEFENSE, Plaintiff's claims

7    are barred in whole or in part because Plaintiff was an at-will employee pursuant to California

8    Labor Code section 2922.

9        20.    FOR AND AS A TWENTIETH SEPARATE DEFENSE, Defendant alleges

10   Plaintiff's Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA is

11   barred, in whole or in part, because it does not exist as a private right of action.

12       21.    FOR AND AS A TWENTY-FIRST SEPARATE DEFENSE, Defendant

13   alleges that any pay discrepancy or alleged differential treatment, if any, was not motivated by

14   discriminatory intent, but was the result of business necessity and/or a bona fide factor other than

15   those alleged by Plaintiff.

16                    **RESERVATION OF ADDITIONAL DEFENSES**

17       Defendant alleges that the Complaint does not describe the claims or facts being alleged

18   with sufficient particularity to permit Defendant to ascertain what other defenses may exist.

19   Defendant will rely on any and all further defenses that become available or appear during

20   discovery in this action and specifically reserves the right to amend this Answer for purposes of

21   asserting such additional defenses.

22                        **PRAYER FOR RELIEF**

23       WHEREFORE, Defendant prays for relief as follows:

24   1.   That Plaintiff take nothing and that the Complaint be dismissed in its entirety with

25        prejudice;

26   2.   That judgment be entered in Defendant's favor;

27   3.   That Defendant be awarded its attorneys' fees and costs of suit; and

28   4.   That Defendant be awarded such other and further relief as the Court deems just and

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

5

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1     proper.

2

3   Dated: June 23, 2021

4                                              LITTLER MENDELSON P.C.

5

6                                              Benjamin L. Webster
                                               Nicholas W. McKinney
7

8                                              Attorneys for Defendant
                                               JO-ANN STORES, LLC
9

10    4836-1635-9152.1 / 035955-1153

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

6

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On June 23, 2021, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☐ **By Fax Transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

   ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Sacramento, California**.

☐ **By Overnight Delivery.** I deposited a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ **By Personal Delivery.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

PROOF OF SERVICE

4819-1485-4640.1 / 035955-1153

☐ **By Messenger Service.**  I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

☒ **By Electronic Service**.  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Brittany R. Torbert, Esq.
Law Office of Brittany Torbert
2999 Douglas Blvd., #180
Roseville, CA  95661
lawoffice@brittanytorbert.com

***Attorneys for Plaintiff Lavinia DeLong***

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 23, 2021, at Sacramento, California.

_____
Lauren Michel

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

2.

PROOF OF SERVICE

4819-1485-4640.1 / 035955-1153